### In re Paul R. PRETZER, Debtor.

### Bankruptcy No. B88–2195.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Sept. 19, 1988.

Glenn R. Schmitt, Thompson, Hine & Flory, Cleveland, Ohio, for debtor.

---

Kenneth J. Nordstrom, Nordstrom & Locke, Ashland, Ohio, for Production Credit Assoc.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

In this Chapter 12 case, Production Credit Association (PCA), a secured creditor, seeks adequate protection from Paul R. Pretzer (Debtor) for use of its cash collateral. Pursuant to requirements of Rule 7052, Bankr. Rules, the following constitutes the Court's findings and conclusions.

This is a core proceeding under provisions of 28 U.S.C. § 157(b)(2), with jurisdiction further conferred under 28 U.S.C. § 1334 and General Order No. 84 of this District. From a loan made by PCA to the Debtor, a balance remains in an amount of $224,032.53. The loan was collateralized, in part, by a security interest in certain greenhouse vegetable crops grown by the Debtor. The security interest was duly recorded. Contending that the Debtor is selling or otherwise consuming its collateral without providing adequate protection thereon, PCA states that § 1205 of the Code allows it to receive adequate protection payments from the Debtor for the use or sale of its cash collateral. PCA further contends that an additional or replacement crop lien on future greenhouse crops would not constitute adequate protection as there is no guarantee that such crops would be grown, marketed or that the Debtor would continue in business. For those reasons, PCA seeks an order requiring the Debtor to pay a minimum of $1,500.00 monthly for the Debtor's use, sale and consumption of its cash collateral.

In opposition to PCA's request for additional payments as adequate protection, the Debtor represents that an earlier order of this Court allowing it to use cash collateral and granting PCA a postpetition replacement lien respecting the subject collateral affords adequate protection to PCA and

that further payments are unwarranted. Debtor further contends that the value of PCA's collateral is unimpaired.

Adequate protection in Chapter 12 cases is addressed in § 1205. In pertinent part, § 1205 of the Code provides:

> § 1205. Adequate Protection.
>
> (a) Section 361 does not apply in a case under this chapter.
>
> (b) In a case under this chapter, when adequate protection is required under section 362, 363, or 364—such adequate protection may be provided by—
>
> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362—use, sale, or lease under section 363—results in a decrease in the value of property securing a claim or of an entity's ownership interest in property;
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of property securing a claim or of an entity's ownership interest in property.... § 105(a) and (b)(1), (2).

Construing the language of § 1205 to the present matter, no valuation data has been presented to evidence a decrease in the value of property securing a claim. Although § 1205(b)(1) requires the debtor to make a cash payment or periodic cash payments where there has occurred a decrease in the value of property securing a claim or of an entity's ownership interest in property, no specific evidence has been adduced to indicate that the Debtor is undercollateralized respecting the subject secured property or that the value of the collateral has decreased.[1] Section 1205(b)(2) allows adequate protection to be provided in the form of an additional or replacement lien where a decrease in the value of property securing a claim or an entity's ownership interest has occurred. In an order authorizing use of PCA's cash collateral, PCA was granted a postpetition lien on the subject collateral. The collateralized property cov-

---

**1.** Indeed, the Debtor testified that he has now planted twice as many crops with a present value that is ten to fifteen percent higher than at time of filing. This testimony was unrefuted.

ered by the replacement lien is inclusive of "all greenhouse crops, including but not limited to tomatoes and lettuce."

The Debtor argues that there are minimal risks to PCA's collateral due to the Debtor's cultivation of its crops in a greenhouse environment. PCA argues that the replacement lien is not adequate protection since there is no guarantee that future crops will be grown, and that § 1205 mandates adequate protection for use of its cash collateral.

The legislative history to § 1205 states that "No debtor may use cash collateral unless the secured creditor consents, or the court, after notice and a hearing, authorizes such use." It further explains that under § 1205, (1) the § 361 requirements for adequate protection are not applicable in Chapter 12 cases; (2) the requirement for payment of lost opportunity costs is eliminated; and (3) the "indubitable equivalent" language of § 361(3) has been eliminated. HR Conf.Rep. No. 99–958, 99th Cong. 2nd Sess. 49–50 (1986), U.S.Code Cong. & Admin.News 1986, p. 5227. What is to be protected is the value of the property, not the value of the creditor's interest in the property. *Id.*

The testimony reveals that the Debtor is currently growing a greater volume of crops than he had grown prepetition. There presently is no insurance coverage on the collateralized growing crops. The Debtor testified that no insurance is presently available on growing crops, but upon inquiry of the Court, further testified that no extensive efforts had been made to see if insurance companies provided the coverage. As the above-referenced legislative history of § 1205 reveals, it is the value of the property which must be adequately protected and not the value of the creditor's interest therein. Without insurance coverage on the growing crops the value thereof is not adequately protected. Although a greenhouse environment does minimize certain potential risks to growing crops, it does not provide sufficient protection to constitute the level of adequate protection envisioned by the § 1205 of the Code.

Accordingly, adequate insurance coverage on the growing crops is required and the Debtor has 15 days from the date of this ruling to provide evidence of adequate coverage thereon to PCA with certification to the Court, or provide evidence that Debtor has made his best efforts to obtain insurance and that such insurance is not available.

Periodic payments for adequate protection are to be made under § 1205(b)(1) only where there is evidence of a decrease in value of the subject property. No such decrease in value has been shown, and periodic cash payments will not be required.

IT IS SO ORDERED.